

515 South Flower Street  
18th Floor  
Los Angeles, CA 90071  
213.933.2330 PHONE  
312.884.7352 FAX  
awglaw.com

December 2, 2024

Clerk of the Court
United States Court of Appeals for the Ninth Circuit
Post Office Box 193939
San Francisco, CA 94119-3939

      **Re: *Collyer v. Catalina Snacks, Inc.*, No. 24-1712 (Oral Argument held on November 20, 2024, before Judges Rawlinson, Christen, and Johnstone)**

To the Clerk of the Court:

      Appellee Catalina Snacks, Inc. ("Catalina") submits this letter under Federal Rules of Appellate Procedure 28(j) to inform the Court of a pertinent recent decision from another panel on this Court.

      In *Bryan v. Del Monte Foods, Inc.*, No. 23-3685, 2024 WL 4866952 (9th Cir. Nov. 22, 2024), this Court upheld dismissal of a class action complaint that alleged Del Monte Foods had mislead consumers to believe its fruit cups contained natural ingredients only. The Court recognized that although the front label contained the phrase "fruit naturals®," the phrase "in extra light syrup" "affirmatively conveys that, although the fruit itself is natural, the syrup may not be." *Id.* at *1. The Court also recognized that "the front label 'does not promise that the product is wholly natural,' as would a label declaring that a product is '100% natural' or 'all natural.'" *Id.* (quoting *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1096 (9th Cir. 2023).

      *Bryan* supports Catalina's arguments that the district court correctly recognized that the front label was ambiguous. Answering Br. at 14-15. Specifically, just as the panel in *Bryan* recognized that the front label did not declare that the product there was 100% natural or all natural, the district court recognized that the "Catalina Crunch product labels contain no assertion that the products are 'made

with' or 'made from' any of the characterizing flavors." Answering Br. at 15; ER-15. Also in *Bryan*, the district court recognized that other statements on the front label provided important context that undercut the plaintiff's claims. There, the phrase "in light syrup" prevented a reasonable consumer from concluding the product was all natural without requiring more information. Here, in light of the phrases "keto-friendly," and "0g sugar" – in the overall context of a uniformly shaped dry cereal that comes in multiple flavors and the absence of any "made with" or "made from" statements – reasonable consumers would necessarily require more information before they could reasonably conclude that the cereals contain ingredients such as banana, apple, honey, or chocolate, rather than the natural flavors of those ingredients. *See* Answering Br. at 16; ER-15.

Respectfully submitted,

Matthew R. Orr
Amin Wasserman Gurnani

Word Count: 349 words (FRAP 28(j); 9th Cir. R. 28-6)

## CERTIFICATE OF SERVICE

    I hereby certify that I caused the electronic filing of the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on December 2, 2024.

    I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: December 2, 2024

Matthew R. Orr